UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL STEINBERG and
GABRIELLE STEINBERG,

        Plaintiffs,

v.                                                                                          Case No. 11-CV-15182
                                                                                            Honorable Denise Page Hood

FEDERAL HOME LOAN MORTGAGE
CORPORATION, WELLS FARGO HOME
MORTGAGE, INC., GROUP ONE
MORTGAGE CORP., and TROTT & TROTT, P.C.,

        Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND DISMISSING THIS CASE**

**I.     INTRODUCTION**

This matter is before the Court on Wells Fargo Home Mortgage and Federal Home Loan Mortgage Corporation's (Freddie Mac) Motion to Dismiss and Trott & Trott's Motion for Judgment on the Pleadings. This matter has been fully briefed and is now appropriate for final disposition. After consideration of the parties' briefs and oral arguments, the Court finds that Wells Fargo and Freddie Mac's Motion to Dismiss and Trott & Trott's Motion for Judgment on the Pleadings are GRANTED.

**II.    STATEMENT OF FACTS**

On August 14, 2003, Daniel and Gabrielle Steinberg executed a Note for $188,300.00 for a certain property in Southfield, Michigan. Plaintiffs executed a mortgage with Group One Mortgage Corporation (GOMC) as security on the Note. The Mortgage was recorded on

September 29, 2003 at the Oakland County Register of Deeds. The Mortgage was assigned to Wells Fargo Home Mortgage, Inc. on August 20, 2003. The assignment was recorded on January 30, 2004 with the Oakland County Register of Deeds. Wells Fargo became a successor by merger to Wells Fargo Mortgage in May 2004.

Plaintiffs admit that they fell behind on their mortgage payments sometime in 2009. Plaintiffs applied for a Home Affordable Modification Program Loan Trial Period (Trial Plan) in April 2010. Notice pursuant to MICH. COMP. LAWS § 600.3205a(3) was served on June 10, 2010. Notice pursuant to MICH. COMP. LAWS § 600.3205a(4) was published in the Oakland County Legal News on June 11, 2010. Notice of foreclosure was posted on the home on July 13, 2010. Notice was also published in the Oakland County Legal News.

The property was sold at Sheriff's Sale on August 10, 2010 to Freddie Mac. The six-month redemption period expired on February 10, 2011. The property was not redeemed. Plaintiffs brought this action in Oakland County Circuit Court in October 2011, alleging breach of contract, fraud/misrepresentation, quiet title, violation of Michigan Consumer Protection Act, and declaratory relief. Freddie Mac removed the case to this Court on December 14, 2011. Plaintiffs ask that the Court order damages against the Defendants and deem the foreclosure void.

### III.   ANALYSIS

#### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

In a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A facial attack of the complaint requires the Court to take all factual allegations as true. *Nichols v. Muskingum*

*College*, 318 F.3d 674, 677 (6th Cir. 2003). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Defendants argue that Plaintiffs do not have standing because they no longer have an interest in the outcome. Standing is a threshold issue that the Court must consider before deciding any substantive issues. *Planned Parenthood Assoc. v. Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). The federal courts are limited by Article III of the Constitution to "cases and controversies." Standing is present when: (1) plaintiff had suffered an "injury in fact, which is both concrete and particularized, and actual or imminent;" (2) there is a causal connection between the injury and complained of activity such that it is fairly traceable to the defendant's actions; and (3) it is likely, not speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 – 561 (1992). The plaintiff has the burden of proving with specificity all three elements of standing. *Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

In Michigan, once a foreclosure is complete, all rights and title vest in the purchaser. *See* MICH. COMP. LAWS § 600.3236. A former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption." *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942). With the expiration of the redemption period, a former owner can no longer assert a claim with respect to the property. *See Overton v. Mortgage Electronic Registration Systems, Inc.*, Case No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished). Here, the redemption period expired on February 10, 2011. Plaintiffs did not file their Complaint until October 2011, well after the expiration of the redemption period.

Plaintiffs argue that Defendants' "fraudulent divestment" of their home is sufficient to confer standing. They urge the Court to apply the reasoning in *Rainey v. U.S. Bank National*

3

*Association*, to this case. No. 11-12500, 2011 WL 5075700 (E. D. Mich. Oct. 25, 2011) (Lawson, J.) (unpublished). In *Rainey*, the court found that, in light of *Overton*, the plaintiffs had standing to challenge the foreclosure. *Id.* at *3. It determined that the decision in *Overton* was based on the merits and not on standing. *Id.* Several courts have considered this issue. *See Carmack v. Bank of New York Mellon No.*, 12-11669, 2012 WL 2389863, *4 (E.D. Mich. June 25, 2012) (Steeh, J.) (unpublished) ("Plaintiff defaulted on his loan, failed to redeem his property within the statutory redemption period, and his allegations do not fall within the "clear showing of fraud, or irregularity" exception noted in *Overton*."); *Hana v. Wells Fargo Bank*, No. 11-14442, 2012 WL 1694643, *4 – 5 (E.D. Mich. May 15, 2012) (Borman, J.) (unpublished) ("Whether analyzed as an issue of standing or as a merits-based challenge, the Court agrees . . . that Plaintiffs cannot challenge the foreclosure and sale. . ." because the redemption period expired); *Brezzell v. Bank of America,* No. 11-11467, 2011 WL 2682973, *4 (E.D. Mich. July 11, 2011) (Edmunds, J.) (unpublished) ("Although the Court finds that the use of the "standing" term is somewhat misleading, it still finds that Overton is applicable and Defendants are still entitled to dismissal because the redemption period has expired and Plaintiff has not shown the requisite fraud or irregularity in the foreclosure proceedings.") Whether the issue is properly labeled as one of standing, the Michigan Supreme Court's decision in *Piotrowski* is still controlling and Defendants are entitled to dismissal if the redemption period has expired. *See Piotrowski*, 4 N.W.2d at 517 ("Plaintiffs . . . lost all their right, title, and interest in and to the property at the expiration of their right of redemption").

A former owner may holdover and challenge the validity of the foreclosure in summary eviction proceedings. *Reid v. Rylander*, 258 N.W. 630, 631 (Mich. 1935). However, he is limited to challenging the procedure and no other underlying equities. *Id.* Relying on *Reid*, the

Michigan Court of Appeals later noted that without the ability to challenge the foreclosure proceeding, "the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale." *Manufacturers Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (citing *Reid*, 258 N.W at 631). "[I]t would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997); *see also Senters v. Ottawa Savings Bank, FSB*, 503 N.W.2d 639, 643 – 644 (Mich. 1993); *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (quoting *Garno*, 974 F.Supp. at 633). Michigan law does not allow the Court to equitably extend the redemption period absent these circumstances. *Overton*, 2009 WL 1507342 at *1 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)).

The Court first notes that this is not a summary eviction proceeding. Plaintiffs are launching a collateral attack on the mortgage and the foreclosure itself. However, they have not alleged any facts that would warrant the setting aside of the foreclosure. Plaintiffs' allegations are vague and conclusory and lack any factual support. They do not allege that they made any attempt to redeem the property or challenge the foreclosure. Rather, Plaintiffs allege that Defendants misrepresented Defendants' ability to foreclose by advertisement and that Plaintiffs no longer had an ownership interest. They further allege that Defendants made misrepresentations as to whether Plaintiffs could enter into a loan modification and whether Plaintiffs could lease the property after the foreclosure.

The latter allegations have absolutely nothing to do with the foreclosure proceeding itself. They deal with matters that occurred before or after the property was foreclosed. They are

insufficient to set aside the foreclosure once the redemption period expired. *See Overton*, 2009 WL 1507342 at *1; *Reid*, 258 N.W. at 631. Even accepting all allegations as true, Plaintiffs' have no made out a sufficiently strong case of fraud or some other irregularity that would compel the Court to set aside the foreclosure. *See Nett v. Wells Fargo Home Mortgage, Inc.*, 2011 WL 1519166, *3 (E.D. Mich. Apr. 20, 2011) (unpublished) (finding that the plaintiffs alleged sufficient irregularities to set aside the foreclosure when bank refused to accept payments, initiated foreclosure proceeding despite plaintiffs attempts to contact them, and refused to review paperwork when it indicated that it would); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D. Mich. Oct. 29, 2010) (unpublished) (finding that exception did not apply when the plaintiffs had received posted notice of foreclosure and made no effort to stay or challenge the foreclosure sale).

Plaintiffs assert that neither Wells Fargo nor Freddie Mac had standing to foreclose. They argue that the assignment from GOMC to Wells Fargo was invalid because there is nothing to prove that Wells Fargo is a successor by merger to Wells Fargo Home Mortgage. Plaintiffs also argue that only the mortgage, and not the note, was transferred. Wells Fargo has attached the Certificate of Merger evidencing that it is in fact the successor by merger to Wells Fargo Home Mortgage. The Court may consider this as a public record. *See Bassett v. Nat'l Collegiate Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Plaintiffs do not have standing to challenge GOMC's assignment to Wells Fargo because they were not a party to it. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C*., 717 F. Supp. 2d 724, 735 – 737 (E.D. Mich. 2010) ("hold[ing] that Borrower may not challenge the validity of assignments to which it was not a party or third-party beneficiary, where it has not been prejudiced, and the parties to the assignments do not dispute (and in fact affirm) their validity").

6

Plaintiffs are correct that the transfer of the mortgage alone is insufficient to transfer the note. *See Ginsberg v. Capitol City Wrecking Co.*, 2 N.W.2d 892, 894 (Mich. 1942) (noting that "an assignment of the mortgage without the debt is a mere nullity"). However, Wells Fargo is not required to record the underlying Note in order to foreclose; only "a record chain of title . . . evidencing the assignment of the mortgage" is required. MICH. COMP. LAWS § 600.3204(3); *see also Residential Funding Co, L.L.C. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011) (noting that the Michigan Supreme Court has previously "held that '[o]nly the record holder of the mortgage has the power to foreclose; the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security'") (quoting *Arnold v DMR Financial*, 532 N.W.2d 852 (Mich. 1995)).

Plaintiffs assert that Freddie Mac did not have standing to foreclose or bid at the sheriff's sale because no assignment was made to it. Wells Fargo, as record holder, not Freddie Mac, foreclosed on the property. Plaintiffs do not provide nor has the Court found any authority that would preclude Freddie Mac from bidding at the sheriff's sale when there was no chain of title showing that it held an interest in the property.

Defendants are entitled to dismissal as a matter of law because the redemption period has expired and Plaintiffs have not pled fact sufficient to warrant setting the foreclosure sale aside.

    **B.**    **Failure to State a Claim and Motion for Judgment on the Pleadings**[1]

---

[1] Freddie Mac and Wells Fargo have attached several documents to their motion to dismiss. The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and central to the claims contained therein." *Bassett*, 528 F.3d at 430. However, the Court cannot consider items that would refute the factual allegations in Plaintiff's Complaint. *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (noting that the court may not consider items that "rebut, challenge, or contradict anything in the plaintiffs' complaint"); *see Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 2012 WL 678166 (6th Cir. Mar. 2, 2012) (reversing trial court grant of motion to dismiss when trial court considered settlement agreement that directly conflicted with allegations made in the complaint). The Court will consider those items that fill in the contours of Plaintiffs' Complaint without refuting it.

Regardless of whether expiration of the redemption period deprives Plaintiffs of the right to assert an interest, Plaintiffs have failed to state a claim and Defendants are entitled to dismissal as a matter of law.  A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court will accept all the factual allegations as true and review the complaint in the light most favorable to the plaintiff.  *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007).  To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A motion to dismiss is appropriate when the plaintiff is unable to prove any set of facts to support his claim that he is entitled to relief.  *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).  The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful.  *Twombly,* 550 U.S. at 556.  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  Furthermore, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

Rule 12(c) allows a party to move for judgment after close of the pleadings.  The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6).  *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008).  The Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law."  *Commercial Money Center, Inc. v. Illinois Union Ins. Co*., 508 F.3d 327, 337 (6th Cir. 2007).  The Court will not accept as true the plaintiff's legal conclusions or unwarranted factual inferences.  *Id*

8

      1.      Laches

Plaintiffs allege that unspecified Defendants failed to comply with foreclosure notice requirements, specifically MICH. COMP. LAWS § 600.3205a(1). Wells Fargo and Freddie Mac contend that Plaintiff's Complaint is barred by the equitable doctrine of laches. The doctrine of laches is an equitable remedy that is applicable when an unexcused delay in bringing an action and change in material condition results in prejudice to party. *Wayne County v. Wayne County Ret. Comm'n*, 704 N.W.2d 117, 129 (Mich. Ct. App. 2005). Under Michigan law, a defect in notice makes a foreclosure sale voidable. *Jackson Inv. Corp. v. Pittsfield Products, Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). The Michigan Court of Appeals in *Jackson* affirmed a trial court decision to apply the doctrine of laches when the plaintiff did not file his complaint until five months after the redemption period had lapsed. *Id.* at 101 – 02.

The property was sold by sheriff's sale to Freddie Mac in August 2010. The redemption period lapsed in February 2011 and Plaintiffs do not allege that they made any attempt to redeem the property. Plaintiffs did not file this action until October 2011. Defendants' failure to comply with the foreclosure notice statute did not prejudice Plaintiffs because Plaintiffs did nothing to redeem the property or challenge the foreclosure once they had notice. *See Worthy v. World Wide Fin. Servs.*, 347 F.Supp.2d 502, 511 (E.D. Mich. 2004) *aff'd,* 192 F.Appx 369 (6th Cir. 2006) ("[E]ven if Defendant failed to comply with the foreclosure notice statute, I would not have sufficient grounds to invalidate the foreclosure sale, because of a lack of prejudice" because the plaintiffs waited six months to file a complaint and did not attempt to redeem the property).

      2.      MICH. COMP. LAWS §§ 600.3205a-c

Plaintiffs allege that they had a statutory right to meet to negotiate a loan modification pursuant to MICH. COMP. LAWS §§ 600.3205a through c. Under the version of the statute

9

effective at that time, Plaintiffs were required to first contact a housing counselor. MICH. COMP. LAWS § 600.3205(c)(1); *Carl v. BAC Home Loans Servicing, LP*, No. 11-11255, 2011 WL 3203086, *3 (E.D. Mich. July 27, 2011) (unpublished). However, Plaintiffs fail to allege that they contacted a housing counselor to even invoke the statute. Even if the Plaintiffs alleged and were able to prove that they contacted a housing counselor, the Court does not have the authority to set aside the foreclosure. *See Adams v. Wells Fargo Bank*, 2011 WL 3500990, *4 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.") The appropriate remedy for any alleged violations of the statute would be to ask that the foreclosure by advertisement be converted into a judicial foreclosure. The property has already been foreclosed and the redemption period expired. Such relief is no longer available.

### 3. Fraud and Misrepresentation

To state a claim for fraud in Michigan, the plaintiff must prove: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or made the representation recklessly as a positive assertion; (4) the defendant made the statement intending that the plaintiff would rely on it; (5) the plaintiff reasonably relied on it; and (6) the plaintiff was injured as a result. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 – 1101 (6th Cir. 2010) (citing *Cummins v. Robinson Twp.,* 770 N.W.2d 421, 435 (2009)). Fraud must be based on a statement relating to a past or existing fact. *Hi-Way Motor Co. v. International Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). "Future promises are contractual and do not constitute fraud." *Id.* When the means of determining the truthfulness of the representation is available to the plaintiff and the defendant has not prohibited the degree

10

of the means of learning the truthfulness, a plaintiff cannot sustain an action for fraud. *Webb v. First of Michigan Corp.*, 491 N.W.2d 851, 854 (Mich. Ct. App. 1992).

The Federal Rules of Civil Procedure requires a party to state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs' complaint must at least identify the time, place and contents of the allegedly fraudulent statements. *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998)).

As an initial matter, Plaintiffs have failed to identify which Defendant made what statement. Nor have Plaintiffs identified when the statements were made or the content of the statements. Plaintiffs provide little detail about the statements their claims rely on. In their response, Plaintiffs assert that Defendants made numerous misrepresentations regarding their ability to foreclose on the home. However, as in their Complaint, Plaintiffs do not point the Court to who made the statements, what was the exact content of the statements, and when the statements were made. Plaintiffs' fraud claims lack any of the specificity required by Rule 9(b).

If Plaintiffs were able to allege the requisite degree of specificity their claims would still fail because they could not show reasonable reliance. They allege that they would have sought independent counsel sooner but for Defendants' misrepresentation. The nature of Plaintiffs' alleged misrepresentations involve whether Defendants had the legal right to foreclose on the property and whether they were eligible for a loan modification. In Michigan, Plaintiffs are "presumed to know the law." *Cummins*, 770 N.W.2d at 437 (quoting *Adams Outdoor Advertising v. East Lansing*, 614 N.W.2d 634, 640 n.7 (Mich. 2000)). The mortgage and note were available to Plaintiffs despite their allegation that they do not have them. The Court cannot

set aside the foreclosure when Plaintiffs failed to review the documents upon which the alleged misrepresentations were based.

    4.    Breach of Contract

Plaintiffs allege that Freddie Mac and Wells Fargo breached the mortgage agreement. They further allege that Trott & Trott, as agents of the above named Defendants, also breached the mortgage agreement. Plaintiffs have not provided the Court with any detail as to what obligations the Defendants failed to satisfy under the mortgage agreement. They indicate that these documents are in Defendants' possession and discovery is required. These allegations are completely deficient. They have not pled sufficient facts to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The Court is not even clear as to what the misconduct is. Plaintiffs have offered no more than labels and conclusions. Trott & Trott is not even a party to the mortgage and Plaintiffs do not allege that it is. Furthermore, it is well settled in Michigan "that where the principal is disclosed and the agent is known to be acting as such, the agent cannot be made personally liable unless he agreed to become personally liable." *Huizenga v. Withey Sheppard Assoc.*, 167 N.W.2d 120, 122 – 123 (Mich. Ct. App. 1969)). A disclosed agent will not be held liable to a third-party absent fraud. *Id.* at 123. Plaintiffs admit that Trott & Trott was acting as an agent for Freddie Mac and Wells Fargo. They do not allege that Trott & Trott ever agreed to be held liable for Freddie Mac and Wells Fargo's alleged breach. And, as stated above, Plaintiffs have not stated a claim for fraud.

    5.    MCPA

Plaintiffs allege that Defendants violated several provisions of the Michigan Consumer Protection Act. MICH. COMP. LAWS §§ 445.901 *et seq.* In their response to Wells Fargo and

12

Freddie Mac's motion to dismiss, Plaintiffs concede that Wells Fargo and Freddie Mac are entitled to dismissal as to their MCPA because it does not apply to claims arising out of residential mortgage transactions. *See Newton v. West*, 262 Mich. App. 434, 438, 686 N.W.2d 491, 493 (Mich. Ct. App. 2004). As to Trott & Trott, Plaintiffs' claim fails.  First, Plaintiffs did not purchase Trott & Trott's services for personal, family or household purposes. *See Society of St. Vincent De Paul in Archdiocese of Detroit v. Mt. Hawley Ins. Co.*, 49 F.Supp.2d 1011, 1020 (E.D. Mich. 1999).  They are not even purchasers of Trott & Trott's services.  Trott & Trott was hired by Freddie Mac and Wells Fargo.  Second, Plaintiffs attack on Trott & Trott's performance of legal services is not within the protection of the MCPA.  *William L. Comer Family Equity Pure Trust v. Thomas & Jensen, P.C.*, No. 186676, 1997 WL 33353233, *4 (Mich. Ct. App. 1997) (unpublished) (finding that the plaintiff's "attack on [the lawyer's] performance of legal services . . . would be more appropriately brought as a malpractice action" and not a cause of action under the MCPA).  Trott & Trott is entitled to dismissal.

      6.    Quiet Title

Defendants argue that Plaintiffs cannot establish a *prima facie* case for quiet title. Although styled as a separate claim for relief, quiet title is a remedy and not a separate cause of action.  *Shaya v. Countrywide Home Loans, Inc.*, No. 11-1484, 2012 WL 1816233, *4 (6th Cir. 2012) (unpublished).  In an action to quiet title, the plaintiff has the initial burden of proof. *Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Road Com'n*, 600 N.W.2d 698, 700 (Mich. App. 1999). The burden of proof then shifts to the defendant to prove that they have superior title in the property at issue. *Id*. "Courts have found that plaintiffs that 'describe[] the chain of title through which they claim ownership of the disputed [property]' or 'provide[] . . . a copy of a mortgage' satisfy the prima facie elements." *Smith v. Bank of Am.*

*Corp.*, No. 10-14161, 2011 WL 653642, *5 (E.D. Mich. Feb. 14, 2011) (unpublished) (quoting *Beulah*, 600 N.W.2d at 700-01).

Plaintiffs have failed allege sufficient facts to show that they have superior title in the property. Trott & Trott does not even assert an interest in the property. Furthermore, the redemption period has expired and Plaintiffs failed to redeem the property, thereby extinguishing any right they have to it. *See Piotrowski*, 4 N.W.2d at 517; *Garno*, 974 F.Supp. at 633. Plaintiffs are not entitled to quiet title in the property.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Wells Fargo and Freddie Mac's Motion to Dismiss [Docket No. 11, filed December 14, 2011] is **GRANTED.**

**IT IS FURTHER ORDERED** that Trott & Trott's Motion for Judgment on the Pleadings [Docket No. 13, filed December 28, 2011] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: September 28, 2012          s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, September 28, 2012, by electronic and/or ordinary mail.

                                   s/LaShawn Saulsberry
                                   Case Manager