**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL STEINBERG, *et al.*,

        Plaintiffs

v.

Case No. 11-CV-15182
Honorable Denise Page Hood

FEDERAL HOME LOAN MORTGAGE
CORPORATION, *et al.*,

        Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

**I.   BACKGROUND**

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's September 28, 2012 Order granting Defendants' motion to dismiss and motion for judgment on the pleadings. Plaintiffs timely filed a motion for reconsideration on October 12, 2012. For the reasons stated in more detail below, Plaintiffs' Motion for Reconsideration is DENIED.

**II.   ANALYSIS**

A party may seek reconsideration of a judgment or order within 14 days of entry of that judgment or order. E.D. Mich. L.R. 7.1(h)(1). A response or hearing on the motion for reconsideration is impermissible unless the Court orders otherwise. *Id.* at (h)(2). The Court may properly grant a motion for reconsideration if the movant satisfactorily shows that: (1) the existence of a palpable defect that misled the parties and the Court; and (2) the correction of which would result in a different disposition of the case. *Id.* at (h)(3). The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* A "palpable defect" is a "defect which is obvious, clear,

unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The Court finds that Plaintiffs have presented a timely request for reconsideration of the Court's September 28, 2012 order and that this matter does not require hearing nor response.

Plaintiffs take issue with several conclusions in the September 28, 2012 order. First, Plaintiffs argue that the Court never addressed their argument that Freddie Mac could not make a credit bid at the sheriff's sale when it never owned the debt. It is well settled in Michigan that a lender may make a credit bid at a foreclosure sale "because any cash tendered would be returned to it." *New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 281 Mich. App. 63, 68, 761 N.W.2d 832 (2008). Plaintiffs reiterate that their objection is to the *type* of bid that Freddie Mac made. As the Court noted in its September 28, 2012 order, Plaintiffs do not cite any case law, nor is the Court aware of any, that requires Freddie Mac to present evidence that it owned the debt before it could make a credit bid. Defendants explained that Freddie Mac owned the debt when the bid was made and Plaintiffs did not contest this point in their response to Defendants' motion to dismiss. Plaintiffs instead argued that "Freddie Mac was not the original lender, nor the original mortgagee, and the assignment was not executed granting an interest in the mortgage or note." [*Plaintiffs' Brief in Response to Defendants' Motion to Dismiss*, Docket No. 16, Pg ID 254] Now, in their motion for reconsideration, Plaintiffs argue that Freddie Mac never owned the Mortgage or Note. The Court finds this improper. It has already found that Freddie Mac could bid at the foreclosure sale. Plaintiffs, again, do not point to any authority that imposes on Freddie Mac the requirement to present evidence showing by assignment that it owned the Mortgage or Note before it could make a credit bid. The Court finds that there is no palpable defect and denies reconsideration as to this issue.

2

Second, Plaintiffs argue that their complaint sufficiently plead a claim for fraud and misrepresentation. Federal Rule of Civil Procedure 9(b) requires Plaintiffs to at least "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.,* 814 F.Supp. 1375, 1385 (W.D. Mich. 1992)). Plaintiffs' complaint is still missing the key ingredients of time, place, and who. For the first time, Plaintiffs argue that Trott & Trott informed Plaintiffs that they could stay in the property after the expiration of the redemption period by way of a lease agreement. Plaintiffs further explain that Trott & Trott had the home inspected, repairs made, and even presented Plaintiffs a template lease agreement. These allegations are not in the complaint. The complaint states that one of the Defendants

> made material misrepresentations to Plaintiffs that [Defendants] had the right to foreclosure, that Plaintiffs lost their home to foreclosure, that Plaintiffs could not and would not be entitled to a loan modification, that Defendants could foreclose against Plaintiffs, and do so by advertisement, and not judicially, that Plaintiffs lost their ownership interest in their home, that Plaintiffs could and would be evicted unless they signed a lease agreement, that once the home was leased that Defendants could back out of the lease and not provide legal notices required to evict a tenant . . .

[*Complaint*, Docket No. 1, ¶ 43]

The Court is not convinced that it was mislead in deciding that the allegations in the complaint were vague and conclusory and, therefore, did not satisfy the heightened requirements of Rule 9(b). Plaintiffs arguments as to breach of contract fail for the same reasons. Plaintiffs have not adequately plead fraud; the Court cannot hold Trott & Trott liable for a breach of contract. *See Huizenga v. Withey Sheppard Assoc.*, 15 Mich. App. 628, 167 N.W.2d 120, 122–23 (1969). Therefore, the motion for reconsideration is denied as to these points.

3

Third, Plaintiffs contend that the Michigan Consumer Protection Act (MCPA), which prohibits unfair or deceptive acts in the "conduct of trade or commerce," applies to the present action. MICH. COMP. LAWS § 445.903(1). Specifically, Plaintiffs allege that Trott & Trott violated fourteen provisions of the MCPA. The MCPA does not apply to an attorney or law firm's performance of legal services, but rather those matters that "invoke the entrepreneurial, commercial, or business aspect of [a] law practice." *William L. Comer Family Equity v. Thomas & Jensen, P.C.*, 1997 Mich. App. LEXIS 2949, 11, 1997 WL 33353233 (Mich. Ct. App. Apr. 25, 1997) (unpublished). The allegations of the complaint touch on how Trott & Trott performed legal services. Even if the Court were to construe otherwise, Plaintiffs' complaint does not provide any factual basis for their claim against Trott & Trott. The complaint does not establish what was said, when it was said, or who made the allegedly improper statements. Instead, the complaint provides only conclusions. The Court's findings will stand as to this point.

Finally, Plaintiffs argue that the Court did not address their argument that Trott & Trott's motion for judgment on the pleadings was not ripe. Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the close of the pleadings. The pleadings are closed "upon the filing of a complaint and answer, unless a counterclaim, cross-claim, or third-party clam is interposed, in which case the filing of a reply, cross-claim, or third-party answer will mark the close of the pleadings." *Signature Combs, Inc. v. United States*, 253 F. Supp. 2d 1028, 1030 (W.D. Tenn. 2003); *Franklin Park Lincoln-Mercury, Inc. v. Ford Motor Co.*, 2009 U.S. Dist. LEXIS 87487, 2–3, 2009 WL 2901224 (N.D. Ohio Sept. 2, 2009) (unpublished). Plaintiffs acknowledge that Trott & Trott filed its answer prior to submission of the motion for judgment on the pleadings and there is no counterclaim or the like in this matter. Therefore, the Court deems that

the pleadings were closed and Trott & Trott's motion for judgment on the pleadings was ripe.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration [Docket No. 23, filed October 12, 2012] is DENIED.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager